# Exhibit 5

# BYE-LAWS

## OF

## Markel CATCo Investment Management Ltd.

CERTIFIED that the within-written bye-laws are a true copy of the bye-laws of Markel CATCo Investment Management Ltd. (formerly Primus Investment Management Limited) (the "Company") as approved and adopted as the bye-laws of the Company (the "Bye-Laws") by unanimous written resolution constituting the statutory general meeting of the sole member of the Company dated and effective on 4 September 2015 and amended by written resolutions of the sole member of the Company on 2 June 2016.

Duly Authorised
For and on behalf of
Compass Administration Services Ltd.
Secretary



Prepared by

*ASW Law Limited*
*Barristers & Attorneys*
*Crawford House*
*50 Cedar Avenue*
*Hamilton, HM 11*
*Bermuda*

418137

PAGE INTENTIONALLY LEFT BLANK

# TABLE OF CONTENTS

## DEFINITIONS AND INTERPRETATION

1.      Definitions and Interpretation

## SHARES

2.      Power to Issue Shares
3.      Power of the Company to Purchase its Shares
4.      Rights Attaching to Shares
5.      Calls on Shares
6.      Forfeiture of Shares
7.      Share Certificates
8.      Fractional Shares

## REGISTRATION OF SHARES

9.      Register of Members
10.     Registered Holder Absolute Owner
11.     Transfer of Registered Shares
12.     Transmission of Registered Shares

## ALTERATION OF SHARE CAPITAL

13.     Power to Alter Capital
14.     Variation of Rights Attaching to Shares

## MEETINGS OF MEMBERS

15.     Annual General Meetings
16.     Special General Meetings
17.     Requisitioned General Meetings
18.     Notice
19.     Giving Notice and Access
20.     Postponement of General Meeting
21.     Telephonic or Electronic Participation in Meetings
22.     Quorum at General Meetings
23.     Chairman to Preside at General Meetings
24.     Voting on Resolutions
25.     Power to Demand a Vote on a Poll
26.     Voting by Joint Holders of Shares
27.     Instrument of Proxy
28.     Representation of Corporate Member
29.     Adjournment of General Meeting
30.     Written Resolutions

31.     Directors Attendance at General Meetings

**DIVIDENDS AND CAPITALISATION**

32.     Dividends
33.     Power to Set Aside Profits
34.     Method of Payment
35.     Capitalisation

**DIRECTORS AND OFFICERS**

36.     Election of Directors
37.     Number of Directors
38.     Term of Office of Directors
39.     Alternate Directors
40.     Removal of Directors
41.     Vacancy in the Officer of Director
42.     Remuneration of Directors
43.     Defect in Appointment
44.     Directors to Manage Business
45.     Powers of the Board of Directors
46.     Register of Directors and Officers
47.     Appointment of Officers
48.     Appointment of Secretary
49.     Duties of Officers
50.     Remuneration of Officers
51.     Conflicts of Interest
52.     Indemnification and Exculpation of Directors and Officers

**MEETINGS OF THE BOARD OF DIRECTORS**

53.     Board Meetings
54.     Notice of Board Meetings
55.     Telephonic or Electronic Participation in Meetings
56.     Quorum at Board Meetings
57.     Board to Continue in the Event of Vacancy
58.     Chairman to Preside
59.     Written Resolutions
60.     Validity of Prior Acts of the Board

**ACCOUNTS**

61.     Books of Account
62.     Financial Year End

**AUDITS**

63.    Annual Audit
64.    Appointment of Auditor
65.    Remuneration of Auditor
66.    Duties of Auditor
67.    Access to Records
68.    Financial Statements
69.    Distribution of Auditor's Report
70.    Vacancy in the Officer of Auditor

**CORPORATE RECORDS**

71.    Minutes
72.    Place Where Corporate Records Kept
73.    Form and Use of Seal

**CHANGES TO CONSTITUTION**

74.    Alteration or amendment of Bye-laws
75.    Alteration or amendment of Memorandum of Association
76.    Discontinuance

**MISCELLANEOUS**

77.    Registered Office
78.    Amalgamation and Merger
79.    Conversion

**VOLUNTARY WINDING-UP AND DISSOLUTION**

80.    Winding-Up

**FORMS**

| Schedule "A" | (Bye-law 6) |
| Schedule "B" | (Bye-law 11) |
| Schedule "C" | (Bye-law 12.2) |
| Schedule "D" | (Bye-law 27.1) |

## INTERPRETATION

1. **Definitions and Interpretation**

1.1     In these Bye-laws, the following words and expressions shall, where not inconsistent with the context, have the following respective meanings:

"Alternate Director"      an alternate director appointed in accordance with these Bye-laws;

"Auditor"      includes any individual auditor or partnership of auditors;

"Board"      the board of directors of the Company appointed or elected pursuant to these Bye-laws and acting by resolution in accordance with the Companies Act and these Bye-laws or the directors present at a meeting of directors at which there is a quorum;

"Bye-laws"      means these Bye-laws in their present form or as from time to time amended;

"Companies Act"      the Companies Act 1981, as amended from time to time;

"Company"      the company incorporated in Bermuda under the name of Primus Investment Management Limited on 2nd September 2015 and changed name to Markel CATCo Investment Management Ltd. with effect from 8th September 2015;

"Director"      any person duly elected or appointed as a director of the Company and shall include an Alternate Director or any person occupying the position of director by whatever name called;

"Member"      the person registered in the Register of Members as the holder of shares in the Company and, when two or more persons are so registered as joint holders of shares, means the person whose name stands first in the Register of Members as one of such joint holders or all of such persons, as the context so requires;

"Memorandum"      means the Memorandum of Association of the Company, as from time to time amended;

| "notice" | written notice as further provided in these Bye-laws unless otherwise specifically stated; |
| "Officer" | any person appointed by the Board to hold an office in the Company; |
| "Register of Directors Officers" | the register of directors and officers referred to in and these Bye-laws; |
| "Register of Members" | the register of members referred to in these Bye-laws; |
| "Registered Office" | the registered office for the time being of the Company; |
| "Resident Representative" | any person appointed to act as resident representative of the Company and includes any deputy or assistant resident representative; |
| "Secretary" | the person appointed to perform any or all of the duties of secretary of the Company and includes any deputy or assistant secretary and any person appointed by the Board to perform any of the duties of the Secretary; |
| "share" | means a share in the capital of the Company and includes a fraction of a share; and |
| "Treasury Share" | a share of the Company that was or is treated as having been acquired and held by the Company and has been held continuously by the Company since it was so acquired and has not been cancelled. |

In these Bye-laws, where not inconsistent with the context:

      (a)    words denoting the plural number include the singular number and vice versa;

      (b)    words denoting the masculine gender include the feminine and neuter genders;

      (c)    words importing persons include companies, associations or bodies of persons whether corporate or not;

      (d)    the words:

           (i)       "may" shall be construed as permissive; and

           (ii)     "shall" shall be construed as imperative; and

      (e)    unless otherwise provided in these Bye-laws, words or expressions defined in

the Companies Act shall bear the same meaning in these Bye-laws.

1.3     In these Bye-laws expressions referring to writing or its cognates shall, unless the contrary intention appears, include facsimile, printing, lithography, photography, electronic mail and other modes of representing words in visible form.

1.4     Headings used in these Bye-laws are for convenience only and are not to be used or relied upon in the construction hereof.

### SHARES

2.     **Power to Issue Shares**

2.1     Subject to these Bye-laws and to any resolution of the Members to the contrary, and without prejudice to any special rights previously conferred on the holders of any existing shares or class of shares, the Board shall have the power to issue any unissued shares on such terms and conditions as it may determine and any shares or class of shares may be issued with such preferred, deferred or other special rights or such restrictions, whether in regard to dividend, voting, return of capital, or otherwise as the Company may by resolution of the Members prescribe.

2.2     Subject to the Companies Act, any preference shares may be issued or converted into shares that (at a determinable date or at the option of the Company or the holder) are liable to be redeemed on such terms and in such manner as may be determined by the Board (before the issue or conversion).

3.     **Power of the Company to Purchase its Shares**

3.1     The Company may purchase its own shares for cancellation or to acquire them as Treasury Shares in accordance with the Companies Act on such terms as the Board shall think fit. No such purchase shall be made if there are reasonable grounds for believing that the Company is, or after the purchase would be, unable to pay its liabilities as they become due.

3.2     The Board may exercise all the powers of the Company to purchase or acquire all or any part of its own shares in accordance with the Companies Act.

3.3     Shares so purchased by the Company under this Bye-law shall be treated as cancelled and the amount of the Company's issued capital shall be reduced by the nominal value of those shares accordingly but the purchase of shares under this Bye-law shall not be taken as reducing the amount of the Company's authorised share capital.

4.     **Rights Attaching to Shares**

4.1     Subject to any resolution of the Members to the contrary (and without prejudice to any special rights conferred thereby on the holders of any other shares or class of shares), the share capital shall be divided into shares of a single class the holders of which shall, subject to these Bye-laws;

(a)     be entitled to one vote per share;

(b)     be entitled to such dividends as the Board may from time to time declare;

(c)     in the event of a winding-up or dissolution of the Company, whether voluntary or involuntary or for the purpose of a reorganisation or otherwise or upon any distribution of capital, be entitled to the surplus assets of the Company; and

(d)     generally be entitled to enjoy all of the rights attaching to shares.

4.2     All the rights attaching to a Treasury Share shall be suspended and shall not be exercised by the Company while it holds such Treasury Share and, except where required by the Companies Act, all Treasury Shares shall be excluded from the calculation of any percentage or fraction of the share capital, or shares, of the Company.

5.     **Calls on Shares**

The Board may make such calls as it thinks fit upon the Members in respect of any moneys (whether in respect of nominal value or premium) unpaid on the shares allotted to or held by such Members and, if a call is not paid on or before the day appointed for payment thereof, the Member may at the discretion of the Board be liable to pay the Company interest on the amount of such call at such rate as the Board may determine, from the date when such call was payable up to the actual date of payment. The Board may differentiate between the holders as to the amount of calls to be paid and the times of payment of such calls.

The joint holders of a share shall be jointly and severally liable to pay all calls and any interest, costs and expenses in respect thereof.

The Company may accept from any Member the whole or a part of the amount remaining unpaid on any shares held by him, although no part of that amount has been called up.

6.     **Forfeiture of Shares**

6.1     If any Member fails to pay, on the day appointed for payment thereof, any call in respect of any share allotted to or held by such Member, the Board may, at any time thereafter during such time as the call remains unpaid, direct the Secretary to forward such Member a notice in writing in the form set out at Schedule "A", or as near to such form as circumstances admit.

6.2     If the requirements of such notice are not complied with, any such share may at any time thereafter before the payment of such call and the interest due in respect thereof be forfeited by a resolution of the Board to that effect, and such share shall thereupon become the property of the Company and may be disposed of as the Board shall determine. Without limiting the generality of the foregoing, the disposal may take place by sale, repurchase, redemption or any other method of disposal permitted by and consistent with these Bye-laws and the Companies Act.

6.3     A Member whose share or shares have been so forfeited shall, notwithstanding such forfeiture, be liable to pay to the Company all calls owing on such share or shares at the time of the forfeiture, together with all interest due on such share or shares and any costs and expenses incurred by the Company in connection with such share or shares.

6.4     The Board may accept the surrender of any shares which it is in a position to forfeit on such terms and conditions as may be agreed. Subject to those terms and conditions, a surrendered share shall be treated as if it had been forfeited.

7.      **Share Certificates**

7.1     Every Member shall be entitled to a certificate under the common seal of the Company or bearing the signature (or a facsimile thereof) of a Director or the Secretary or a person expressly authorised to sign specifying the number and, where appropriate, the class of shares held by such Member and whether the same are fully paid up and, if not, specifying the amount paid on such shares. The Board may by resolution determine, either generally or in a particular case, that any or all signatures on certificates may be printed thereon or affixed by mechanical means.

7.2     The Company shall be under no obligation to complete and deliver a share certificate unless specifically called upon to do so by the person to whom the shares have been allotted.

7.3     If any share certificate shall be proved to the satisfaction of the Board to have been worn out, lost, mislaid, or destroyed the Board may cause a new certificate to be issued and request indemnity for the lost certificate if it sees fit.

8.      **Fractional Shares**

The Company may issue its shares in fractional denominations and deal with such fractions to the same extent as its whole shares and shares in fractional denominations shall have in proportion to the respective fractions represented thereby all of the rights of whole shares including (but without limiting the generality of the foregoing) the right to vote, to receive dividends and distributions and to participate in a winding-up.

## REGISTRATION OF SHARES

### 9. Register of Members

9.1 The Board shall cause to be kept in one or more books a Register of Members and shall enter in such Register of Members the particulars required by the Companies Act.

9.2 The Register of Members shall be open to inspection without charge at the registered office of the Company on every business day, subject to such reasonable restrictions as the Board may impose, so that not less than two hours in each business day be allowed for inspection. The Register of Members may, after notice has been given in accordance with the Companies Act, be closed for any time or times not exceeding in the whole thirty days in each year.

### 10. Registered Holder Absolute Owner

The Company shall be entitled to treat the registered holder of any share as the absolute owner thereof and accordingly shall not be bound to recognise any equitable claim or other claim to, or interest in, such share on the part of any other person.

### 11. Transfer of Registered Shares

11.1 An instrument of transfer shall be in writing in the form set out at Schedule "B", or as near to such form as circumstances admit, or in such other form as the Board may accept.

11.2 Such instrument of transfer shall be signed by or on behalf of the transferor and transferee, provided that, in the case of a fully paid share, the Board may accept the instrument signed by or on behalf of the transferor alone. The transferor shall be deemed to remain the holder of such share until the same has been registered as having been transferred to the transferee in the Register of Members.

11.3 The Board may refuse to recognise any instrument of transfer unless it is accompanied by the certificate in respect of the shares to which it relates and by such other evidence as the Board may reasonably require to show the right of the transferor to make the transfer.

11.4 The joint holders of any share may transfer such share to one or more of such joint holders, and the surviving holder or holders of any share previously held by them jointly with a deceased Member may transfer any such share to the executors or administrators of such deceased Member.

11.5 The Board may in its absolute discretion and without assigning any reason therefor refuse to register the transfer of a share. The Board shall refuse to register a transfer unless all applicable consents, authorisations and permissions of any governmental body or agency in Bermuda have been obtained. If the Board refuses to register a

transfer of any share the Secretary shall, within three months after the date on which the transfer was lodged with the Company, send to the transferor and transferee notice of the refusal.

12. **Transmission of Registered Shares**

12.1   In the case of the death of a Member, the survivor or survivors where the deceased Member was a joint holder, and the legal personal representatives of the deceased Member where the deceased Member was a sole holder, shall be the only persons recognised by the Company as having any title to the deceased Member's interest in the shares. Nothing herein contained shall release the estate of a deceased joint holder from any liability in respect of any share which had been jointly held by such deceased Member with other persons. Subject to the Companies Act, for the purpose of this Bye-law, legal personal representative means the executor or administrator of a deceased Member of such other person as the Board may, in its absolute discretion, decide as being properly authorised to deal with the shares of a deceased Member.

12.2   Any person becoming entitled to a share in consequence of the death or bankruptcy of any Member or otherwise by operation of law may be registered as a Member upon such evidence as the Board may deem sufficient or may elect to nominate some person to be registered as a transferee of such share, and in such case the person becoming entitled shall execute in favour of such nominee an instrument of transfer in writing in the form set out at Schedule "C" or as near to such form as circumstances admit.

12.3   On the presentation of the foregoing materials to the Board, accompanied by such evidence as the Board may require to prove the title of the transferor, the transferee shall be registered as a Member. Notwithstanding the foregoing, the Board shall, in any case, have the same right to decline or suspend registration as it would have had in the case if a transferor of the share by that Member before such Member's death or bankruptcy, as the case may be.

12.4   Where two or more persons are registered as joint holders of a share or shares, then in the event of the death of any joint holder or holders the remaining joint holder or holders shall be absolutely entitled to such share or shares and the Company shall recognise no claim in respect of the estate of any joint holder except in the case of the last survivor of such joint holders.

## ALTERATION OF SHARE CAPITAL

13. **Power to Alter Capital**

13.1   The Company may if authorised by resolution of the Members increase, divide, consolidate, subdivide, change the currency denomination of, diminish or otherwise alter or reduce its share capital in any manner permitted by the Companies Act.

13.2    Where, on any alteration or reduction of share capital, fractions of shares or some other difficulty would arise, the Board may deal with or resolve the same in such manner as it thinks fit.

14.    **Variation of Rights Attaching to Shares**

If, at any time, the share capital is divided into different classes of shares, the rights attached to any class (unless otherwise provided by the terms of issue of the shares of that class) may, whether or not the Company is being wound-up, be varied with the consent in writing of the holders of three-fourths of the issued shares of that class or with the sanction of a resolution passed by a majority of the votes cast at a separate general meeting of the holders of the shares of the class at which meeting the necessary quorum shall be two persons at least holding or representing by proxy one-third of the issued shares of the class. The rights conferred upon the holders of the shares of any class issued with preferred or other rights shall not, unless otherwise expressly provided by the terms of issue of the shares of that class, be deemed to be varied by the creation or issue of further shares ranking pari passu therewith.

## MEETINGS OF MEMBERS

15.    **Annual General Meetings**

Unless the Members elect otherwise by resolution at a general meeting, the annual general meeting shall be held in each year (other than the year of incorporation) at such time and place as the President or the Chairman (if any) or any two Directors or any Director and the Secretary or the Board shall appoint.

16.    **Special General Meetings**

The President or the Chairman (if any) or any two Directors or any Director and the Secretary or the Board may convene a special general meeting whenever in their judgment such a meeting is necessary.

17.    **Requisitioned General Meetings**

The Board shall, on the requisition of Members holding at the date of the deposit of the requisition not less than one-tenth of such of the paid-up share capital of the Company as at the date of the deposit carries the right to vote at general meetings, forthwith proceed to convene a special general meeting and the provisions of the Companies Act shall apply.

18.    **Notice**

18.1    At least five days' notice of an annual general meeting shall be given to each Member entitled to attend and vote at such meeting, stating the date, place and time at which the meeting is to be held, that the election of Directors will take place thereat, and as far as practicable, the other business to be conducted at the meeting.

18.2    At least five days' notice of a special general meeting shall be given to each Member entitled to attend and vote at such meeting, stating the date, time, place and the general nature of the business to be considered at the meeting.

18.3    The Board may fix any date as the record date for determining the Members entitled to receive notice of and to vote at any general meeting.

18.4    A general meeting shall, notwithstanding that it is called on shorter notice than that specified in these Bye-laws, be deemed to have been properly called if it is so agreed by (i) all the Members entitled to attend and vote thereat in the case of an annual general meeting; and (ii) by a majority in number of the Members having the right to attend and vote at the meeting, being a majority together holding not less than 95% in nominal value of the shares giving a right to attend and vote at such meeting in the case of a special general meeting.

18.5    The accidental omission to give notice of a general meeting to, or the non-receipt of a notice of a general meeting by, any person entitled to receive notice shall not invalidate the proceedings at that meeting.

19.    **Giving Notice and Access**

19.1    A notice may be given by the Company to a Member:

(a)    by delivering it to such Member in person; or

(b)    by sending it by letter mail or courier to such Member's address in the Register of Members; or

(c)    by transmitting it by electronic means (including facsimile and electronic mail, but not telephone) in accordance with such directions as may be given by such Member to that Company for such purpose; or

(d)    in accordance with Bye-law 19.4.

19.2    Any notice required to be given to a Member shall, with respect to any shares held jointly by two or more persons, be given to whichever of such persons is named first in the Register of Members and notice so given shall be sufficient notice to all the holders of such shares.

19.3    Any notice (save for one delivered in accordance with Bye-law 19.4) shall be deemed to have been served at the time when the same would be delivered in the ordinary course of transmission and, in providing such service, it shall be sufficient to prove that the notice was properly addressed and prepaid, if posted, and the time when it was posted, delivered to the courier or transmitted by electronic means.

19.4    Where a Member indicates his consent (in a form and manner satisfactory to the Board) to receive information or documents by accessing them on a website rather than by other means, the Board may deliver such information or documents by notifying the Member of their availability and including therein the address of the website, the place on the website where the information or document may be found, and instructions as to how the information or document may be accessed on the website.

19.5    In the case of information or documents delivered in accordance with Bye-law 19.4, service shall be deemed to have occurred when (i) the Member is notified in accordance with that Bye-law; and (ii) the information or document is published on the website.

## 20.    Postponement of General Meeting

The Secretary may postpone any general meeting called in accordance with these Bye-laws if such postponement is given to the Members before the time of such meeting. Fresh notice of the date, time and place for the postponed meeting shall be given to each Member in accordance with these Bye-laws.

## 21.    Telephonic or Electronic Participation in Meetings

Members may participate in any general meeting by telephonic or such other electronic means as permit all persons participating in the meeting to communicate with each other simultaneously and instantaneously, and participation in such a meeting shall constitute presence in person at such meeting.

## 22.    Quorum at General Meetings

22.1    At any general meeting two or more Members present in person or by proxy and representing in excess of a majority of the total issued voting shares in the Company throughout the meeting shall form a quorum for the transaction of business, provided that if the Company shall at any time have only one Member, one Member present in person or by proxy shall form a quorum for the transaction of business at any general meeting held during such time.

22.2    If within thirty minutes from the time appointed for the meeting a quorum is not present, then, in the case of a meeting convened on a requisition, the meeting shall be deemed cancelled and, in any other case, the meeting shall stand adjourned to the same day one week later, at the same time and place or to such other day, time or place as the Secretary may determine. Unless the meeting is adjourned to a specific date, time and place announced at the meeting being adjourned, fresh notice of the resumption of the meeting shall be given to each Member entitled to attend and vote at such meeting in accordance with these Bye-laws.

## 23.    Chairman to Preside at General Meetings

Unless otherwise agreed by a majority of those attending and entitled to vote thereat, the

Chairman, if there be one, and if not the President, if there be one, shall act as chairman at all general meetings at which such person is present. In their absence a chairman shall be appointed or elected by those present at the meeting and entitled to vote.

## 24. Voting on Resolutions

24.1 Subject to the Companies Act and these Bye-laws, any question proposed for the consideration of the Members at any general meeting shall be decided by the affirmative votes of a majority of the votes cast in accordance with these Bye-laws and in the case of an equality of votes the chairman of such meeting shall not be entitled to a casting vote and the resolution shall fail.

24.2 No member shall be entitled to vote at a general meeting unless such Member has paid all the calls on all shares held by such Member.

24.3 At any general meeting a resolution put to the vote of the meeting shall, in the first instance, be voted upon by a show of hands and, subject to any rights or restrictions for the time being lawfully attached to any class of shares and subject to these Bye-laws, every Member present in person and every person holding a valid proxy at such meeting shall be entitled to one vote and shall cast such vote by raising his hand.

24.4 In the event that a Member participates in a general meeting by telephone or electronic means, the chairman of the meeting shall direct the manner in which such Member may cast his vote on a show of hands.

24.5 At any general meeting if an amendment is proposed to any resolution under consideration and the chairman of the meeting rules on whether or not the proposed amendment is out of order, the proceedings on the substantive resolution shall not be invalidated by any error in such ruling.

24.6 At any general meeting a declaration by the chairman of the meeting that a question proposed for consideration has, on a show of hands, been carried, or carried unanimously, or by a particular majority, or lost, and an entry to that effect in a book containing the minutes of the proceedings of the Company shall, subject to these Bye-laws, be conclusive evidence of that fact.

## 25. Power to Demand a Vote on a Poll

25.1 Notwithstanding the foregoing, a poll may be demanded by any of the following persons:

(a) the chairman of the meeting; or

(b) at least three Members present in person or represented by proxy; or

(c) any Member or Members present in person or represented by proxy and

holding between them not less than one-tenth of the total voting rights of all the Members having the right to vote at such meeting; or

(d)     any Member or Members present in person or represented by proxy holding shares in the Company conferring the right to vote at such meeting, being shares on which an aggregate sum has been paid up equal to not less than one-tenth of the total amount paid up on all such shares conferring such right.

25.2    Where a poll is demanded, subject to any rights or restrictions for the time being lawfully attached to any class of shares, every person present at such meeting shall have one vote for each share of which such person is the holder or for which such person holds a proxy and such vote shall be counted by ballot as described herein, or in the case of a general meeting at which one or more Members are present by telephone or electronic means, in such manner as the chairman of the meeting may direct and the result of such poll shall be deemed to be the resolution of the meeting at which the poll was demanded and shall replace any previous resolution upon the same matter which has been the subject of a show of hands. A person entitled to more than one vote need not use all his votes or cast all the votes he uses in the same way.

25.3    A poll demanded for the purpose of electing a chairman of the meeting or on a question of adjournment shall be taken forthwith. A poll demanded on any other question shall be taken at such time and in such manner during such meeting as the chairman (or acting chairman) of the meeting may direct. Any business other than that upon which a poll has been demanded may be conducted pending the taking of the poll.

25.4    Where a vote is taken by poll, each person physically present and entitled to vote shall be furnished with a ballot paper on which such person shall record his vote in such manner as shall be determined at the meeting having regard to the nature of the question on which the vote is taken, and each ballot paper shall be signed or initialed or otherwise marked so as to identify the voter and the registered holder in the case of a proxy. Each person present by telephone or electronic means shall cast his vote in such manner as the chairman shall direct. At the conclusion of the poll, the ballot papers and votes cast in accordance with such directions shall be examined and counted by a committee of not less than two Members or proxy holders appointed by the chairman for the purpose and the result of the poll shall be declared by the chairman.

## 26.     Voting by Joint Holders of Shares

In the case of joint holders, the vote of the senior who tenders a vote (whether in person or by proxy) shall be accepted to the exclusion of the votes of the other joint holders, and for this purpose seniority shall be determined by the order in which the names stand in the Register of Members.

27. **Instrument of Proxy**

27.1    An instrument appointing a proxy shall be in writing in substantially the form set out at Schedule "D" or such other form as the chairman of the meeting shall accept. The instrument of proxy shall be deemed to confer authority to demand or join in demanding a poll, be heard at the meeting and to vote on any amendment of a written resolution or amendment of a resolution put to the meeting for which it is given as the proxy think s fit. The instrument of proxy shall, unless it otherwise provides, be valid as well for any adjournment of the meeting to which it relates.

27.2    The instrument appointing a proxy must be received by the Company at the Registered Office or at such other place or in such manner as is specified in the notice convening the meeting or in any instrument of proxy sent out by the Company in relation to the meeting at which the person named in the instrument appointing a proxy proposes to vote, and an instrument appointing a proxy which is not received in the manner so prescribed shall be invalid.

27.3    A Member who is the holder of two or more shares may appoint more than one proxy to represent him and vote on his behalf in respect of different shares.

27.4    The decision of the chairman of any general meeting as to the validity of any appointment of a proxy shall be final.

28. **Representation of Corporate Member**

28.1    A corporation which is a Member may, by written instrument, authorise such person or persons as it thinks fit to act as its representative at any meeting and any person so authorised shall be entitled to exercise the same powers on behalf of the corporation which such person represents as that corporation could exercise if it were an individual Member, and that Member shall be deemed to be present in person at any such meeting attended by its authorised representative or representatives.

28.2    Notwithstanding Bye-law 28.1, the chairman of the meeting may accept such assurances as he thinks fit as to the right of any person to attend and vote at general meetings on behalf of a corporation which is a Member.

29. **Adjournment of General Meeting**

The chairman of a general meeting may, with the consent of the Members at any general meeting at which a quorum is present, and shall if so directed by the meeting, adjourn the meeting. Unless the meeting is adjourned to a specific date, place and time announced at the meeting being adjourned, fresh notice of the date, place and time for the resumption of the adjourned meeting shall be given to each Member entitled to attend and vote at such meeting in accordance with these Bye-laws.

30. **Written Resolutions**

30.1    Subject to these Bye-laws, anything which may be done by resolution of the Company in general meeting or by resolution of a meeting of any class of the Members may, without a meeting may be done by written resolution in accordance with this Bye-law.

30.2    Notice of a written resolution shall be given, and a copy of the resolution shall be circulated to all Members who would be entitled to attend a meeting and vote thereon. The accidental omission to give notice to, or the non-receipt of a notice by, any Member does not invalidate the passing of a resolution.

30.3    A written resolution is passed when it is signed by, or in the case of a Member that is a corporation, on behalf of, the Members who at the date that the notice is given represent such majority of votes as would be required if the resolution was voted on at a meeting of Members at which all Members entitled to attend and vote thereat were present and voting.

30.4    A resolution in writing may be signed in any number of counterparts.

30.5    A resolution in writing made in accordance with this Bye-law is as valid as if it had been passed by the Company in general meeting or by a meeting of the relevant class of Members, as the case may be, and any reference in any Bye-law to a meeting at which a resolution is passed or to Members voting in favour of a resolution shall be construed accordingly.

30.6    A resolution in writing made in accordance with this Bye-law shall constitute minutes for the purposes of the Companies Act.

30.7    This Bye-law shall not apply to:

(a)    a resolution passed to remove an Auditor from office before the expiration of his term of office; or

(b)    a resolution passed for the purpose of removing a Director before the expiration of his term of office.

30.8    For the purposes of this Bye-law, the effective date of the resolution is the date when the resolution is signed by, or in the case of a Member that is a corporation whether or not a company within the meaning of the Companies Act, on behalf of, the last Member whose signature results in the necessary voting majority being achieved and any reference in any Bye-law to the date of passing of a resolution is, in relation to a resolution made in accordance with this Bye-law, a reference to such date.

31. **Directors Attendance at General Meetings**

The Directors shall be entitled to receive notice of, attend and be heard at any general meeting.

## DIVIDENDS AND CAPITALISATION

32.    **Dividends**

32.1    The Board may, subject to these Bye-laws and in accordance with the Companies Act, declare a dividend to be paid to the Members, in proportion to the number of shares held by them, and such dividend may be paid in cash or wholly or partly in specie in which case the Board may fix the value for distribution in specie of any assets. No unpaid dividend shall bear interest as against the Company.

32.2    The Board may fix any date as the record date for determining the Members entitled to receive any dividend.

32.3    The Company may pay dividends in proportion to the amount paid up on each share where a larger amount is paid up on some shares than on others.

32.4    The Board may declare and make such other distributions (in cash or in specie) to the Members as may be lawfully made out of assets of the Company. No unpaid distribution shall bear interest as against the Company.

33.    **Power to Set Aside Profits**

The Board may, before declaring a dividend, set aside out of the surplus or profits of the Company, such amount as it thinks proper as a reserve to be used to meet contingencies or for equalising dividends or for any other purpose.

34.    **Method of Payment**

34.1    Any dividend, interest, or other moneys payable in cash in respect of the shares may be paid by cheque or draft sent through the post directed to the Member at such Member's address in the Register of Members, or to such person and to such address as the holder may in writing direct.

34.2    In the case of joint holders, any dividend, interest or other moneys payable in cash in respect of shares may be paid by cheque or draft sent through the post directed to the address of the holder first named in the Register of Members, or to such person and to such address as the joint holders may in writing direct. If two or more persons are registered as joint holders of any shares any one can give an effectual receipt for any dividend paid in respect of such shares.

34.3    The Board may deduct from the dividends or distributions payable to any Member all moneys due from such Member to the Company on account of calls or otherwise.

35.    **Capitalisation**

35.1    The Board may capitalise any amount for the time being standing to the credit of any of

the Company's share premium or reserve accounts or to the credit of the profit and loss account or otherwise available for distribution by applying such amount in paying up unissued shares to be allotted as fully paid bonus shares pro rata to the Members.

35.2    The Board may capitalise any amount for the time being standing to the credit of a reserve account or amounts otherwise available for dividend distribution by applying such amounts in paying up in full, partly or nil paid shares of those Members who would have been entitled to such amounts if they were distributed by way of dividend or distribution.

## DIRECTORS AND OFFICERS

### 36.    Election of Directors

36.1    The Board shall be elected or appointed in the first place at the statutory meeting of the Company and thereafter, except in the case of a casual vacancy, at the annual general meeting or at any special general meeting called for that purpose. The Company may in general meeting set a shareholding requirement for Directors but unless so set there shall be no such requirement.

36.2    At any general meeting the Members may authorise the Board to fill any vacancy in their number left unfilled at a general meeting.

### 37.    Number of Directors

The Board shall consist of not less than one Director or such number as the Members may determine.

### 38.    Term of Office of Directors

Directors shall hold office for such term as the Members may determine or, in the absence of such determination, until the next annual general meeting or until their successors are elected or appointed or their office is otherwise vacated.

### 39.    Alternate Directors

39.1    At any general meeting, the Members may elect a person or persons to act as a Director in the alternative to any one or more Directors or may authorise the Board to appoint such Alternate Directors.

39.2    Unless the Members otherwise resolve, any Director may appoint a person or persons to act as a Director in the alternative to himself by notice deposited with the Secretary. Any person so elected or appointed shall have all the rights and powers of the Director or Directors for whom such person is appointed in the alternative provided that such person shall not be counted more than once in determining whether or not a quorum is

present.

39.3    An Alternate Director shall be entitled to receive notice of all meetings of the Board and to attend and vote at any such meeting at which a Director for whom such Alternate Director was appointed in the alternative is not personally present and generally to perform at such meeting all the functions of such Director for whom such Alternate Director was appointed.

39.4    An Alternate Director shall cease to be such if the Director for whom he was appointed to act as a Director in the alternative ceases for any reason to be a Director, but he may be re-appointed by the Board as an alternate to the person appointed to fill the vacancy in accordance with these Bye-laws.

40.     **Removal of Directors**

40.1    Removal of a Director shall occur automatically if a Director who is employed by Markel CATCo Investment Management Ltd. or by Markel International Services Limited ceases to be employed by either of those companies.

40.2    Subject to any provision to the contrary in these Bye-laws, the Members entitled to vote for the election of Directors may, at any special general meeting convened and held in accordance with these Bye-laws, remove a Director provided that the notice of any such meeting convened for the purpose of removing a Director shall contain a statement of the intention so to do and be served on such Director not less than 14 days before the meeting and at such meeting the Director shall be entitled to be heard on the motion for such Director's removal.

40.32   If a Director is removed from the Board under this Bye-law, the Members may fill the vacancy at the meeting at which such Director is removed. In the absence of such election or appointment, the Board may fill the vacancy.

41.     **Vacancy in the Office of Director**

41.1    The office of Director shall be vacated if the Director:

        (a)     is removed from office pursuant to these Bye-laws or is prohibited from being a Director by law;

        (b)     is or becomes bankrupt, or makes any arrangement or composition with his creditors generally;

        (c)     is or becomes of unsound mind or dies; or

        (d)     resigns his office by notice to the Company.

41.2 The Board shall have the power to appoint any person as a Director to fill a vacancy on the Board occurring as a result of the death, disability, disqualification or resignation of any Director and to appoint an Alternate Director to any Director so appointed.

## 42. Remuneration of Directors

The remuneration (if any) of the Directors shall be determined by the Company in a general meeting and shall be deemed to accrue from day to day. The Directors may also be paid all travel, hotel and other expenses properly incurred by them in attending and returning from the meetings of the Board, any committee appointed by the Board, general meetings, or in connection with the business of the Company or their duties as Directors generally.

## 43. Defect in Appointment

All acts done in good faith by the Board, any Director, a member of a committee appointed by the Board, any person to whom the Board may have delegated any of its powers, or any person acting as a Director shall, notwithstanding that it be afterwards discovered that there was some defect in the appointment of any Director or person acting as aforesaid, or that he was, or any of them were, disqualified, be as valid as if every such person had been duly appointed and was qualified to be a Director or act in the relevant capacity.

## 44. Directors to Manage Business

The business of the Company shall be managed and conducted by the Board. In managing the business of the Company, the Board may exercise all such powers of the Company as are not required to be exercised by the Company in general meeting by these Bye-laws or the Companies Act.

## 45. Powers of the Board of Directors

The Board may:

(a) appoint one or more Directors to the office of managing director or chief executive officer of the Company, who shall, subject to the control of the Board, supervise and administer all of the general business and affairs of the Company;

(b) appoint a person to act as manager of the Company's day-to-day business and may entrust to and confer upon such manager such powers and duties as it deems appropriate for the transaction or conduct of such business;

(c) appoint, suspend, or remove any manager, secretary, clerk, agent or employee of the Company and may fix their remuneration and determine their duties;

(d) exercise all the powers of the Company to borrow money and to mortgage or charge its undertaking, property and uncalled capital, or any part thereof, and may issue debentures, debenture stock and other securities whether outright or

as security for any debt, liability or obligation of the Company or any third party;

(e)     by power of attorney, appoint any company, firm, person or body of persons, whether nominated directly or indirectly by the Board, to be an attorney of the Company for such purposes and with such powers, authorities and discretions (not exceeding those vested in or exercisable by the Board) and for such period and subject to such conditions as it may think fit and any such power of attorney may contain such provisions for the protection and convenience of persons dealing with any such attorney as the Board may think fit and may also authorise any such attorney to sub-delegate all or any of the powers, authorities and discretions so vested in the attorney;

(f)     procure that the Company pays all expenses incurred in promoting and incorporating the Company;

(g)     in connection with the issue of any share, pay such commission and brokerage as may be permitted by law; and

(h)     authorise any company, firm, person or body of persons to act on behalf of the Company for any specific purpose and in connection therewith to execute any deed, agreement, document or instrument on behalf of the Company.

(i)     present any petition and make any application in connection with the liquidation or reorganisation of Company;

(j)     delegate any of its powers (including the power to sub-delegate) to a committee of one or more persons appointed by the Board which may consist partly or entirely of non-Directors, provided that every such committee shall conform to such directions as the Board shall impose on them and provided further that the meetings and proceedings of any such committee shall be governed by the provisions of these Bye-laws regulating the meetings and proceedings of the Board, so far as the same are applicable and are not superseded by directions imposed by the Board; and

(k)     delegate any of its powers (including the power to sub-delegate) to any person on such terms and in such manner as the Board may see fit.

## 46.   Register of Directors and Officers

The Board shall cause to be kept in one or more books at the Registered Office a Register of Directors and Officers and shall enter therein the particulars required by the Companies Act.

## 47.   Appointment of Officers

The Board may appoint such Officers (who may or may not be Directors) as the Board may determine.

48. **Appointment of Secretary**

The Secretary shall be appointed by the Board from time to time.

49. **Duties of Officers**

The Officers shall have such powers and perform such duties in the management, business and affairs of the Company as may be delegated to them by the Board from time to time.

50. **Remuneration of Officers**

The Officers shall receive such remuneration as the Board may determine.

51. **Conflicts of Interest**

51.1 Any Director, or any Director's firm, partner or any company with whom any Director is associated, may act in any capacity for, be employed by or render services to the Company and such Director or such Director's firm, partner or company shall be entitled to remuneration as if such Director were not a Director. Nothing contained in this Bye-law shall authorise a Director or Director's firm, partner or company to act as Auditor to the Company.

51.2 A Director who is directly or indirectly interested in a contract or proposed contract or arrangement with the Company shall declare the nature of such interest as required by the Companies Act.

51.3 Following a declaration being made pursuant to this Bye-law, and unless disqualified by the chairman of the relevant Board meeting, a Director may vote in respect of any contract or proposed contract or arrangement in which such director is interested and may be counted in the quorum for such meeting.

52. **Indemnification and Exculpation of Directors and Officers**

52.1 The Directors, Secretary and other Officers (the term Officer for this Bye-law to include any person appointed to any committee by the Board) for the time being acting in relation to any of the affairs of the Company, any subsidiary thereof, and the liquidation or trustees (if any) for the time being acting in relation to any of the affairs of the Company or any subsidiary thereof and every one of them, and their heirs, executors and administrators, shall be indemnified and secured harmless out of the assets of the Company from and against all actions, costs, charges, losses, damages and expenses which they or any of them, their heirs, executors or administrators, shall or may incur or sustain by or by reason of any act done, concurred in or omitted in or about the execution of their duty, or supposed duty, or in their respective offices or trusts, and none of them shall be answerable for the acts, receipts, neglects or defaults of the others of them or for joining in any receipts for the sake of conformity, or for any

bankers or other persons with whom any moneys or effects belonging to the Company shall or may be lodged or deposited for safe custody, or for insufficiency or deficiency of any security upon which any moneys of or belonging to the Company shall be placed out on or invested, or for any other loss, misfortune or damage which may happen in the execution of their respective offices or trusts, or in relation thereto, PROVIDED THAT this indemnity shall not extend to any matter in respect of any fraud or dishonesty which may attach to any of the said persons.

52.2    Each Member agrees to waive any claim or right of action such Member might have, whether individually or by or in the right of the Company, against any Director or Officer on account of any action taken by such Director or Officer, or the failure of such Director or Officer to take any action in the performance of his duties with or for the Company or any subsidiary thereof, PROVIDED THAT such waiver shall not extend to any matter in respect of any fraud or dishonesty which may attach to such Director or Officer.

52.3    The Company may purchase and maintain insurance for the benefit of any Director or Officer against any liability incurred by him under the Companies Act in his capacity as a Director or Officer or indemnifying such Director or Officer in respect of any loss arising or liability attaching to him by virtue of any rule of law in respect of any negligence, default, breach of duty or breach of trust of which the Director or Officer may be guilty in relation to the Company or any subsidiary thereof.

52.4    The Company may advance moneys to a Director or Officer for the costs, charges and expenses incurred by the Director or Officer in defending any civil or criminal proceedings against him, on condition that the Director or Officer shall repay the advance if any allegation of fraud or dishonesty is proved against him.

## MEETINGS OF THE BOARD OF DIRECTORS

### 53.    Board Meetings

The Board may meet for the transaction of business, adjourn and otherwise regulate its meetings as it sees fit. A resolution put to the vote at a meeting of the Board shall be carried by the affirmative votes of a majority of the votes cast and in the case of an equality of votes the resolution shall fail.

### 54.    Notice of Board Meetings

A Director may, and the Secretary or Assistant Secretary on the requisition of a Director shall, at any time summon a meeting of the Board. Notice of a meeting of the Board shall be deemed to be duly given to a Director if it is given to such Director verbally (including in person or by telephone) or otherwise communicated or sent to such Director by post, electronic means, or other mode of representing words in visible a form at such Director's last known address or in accordance with any other instructions given by such Director to the Company for this purpose.

418137

## 55.    Telephonic or electronic Participation in Meetings

Directors may participate in any meeting by telephonic or such electronic means as permit all persons participating in the meeting to communicate with each other simultaneously and instantaneously, and participation in such a meeting shall constitute presence in person at such meeting. Such a meeting shall be deemed to take place where the largest group of Directors participating in the meeting is physically assembled or, if there is no such group, where the chairman of the meeting then is.

## 56.    Quorum at Board Meetings

The quorum necessary for the transaction of business at a meeting of the Board shall be one Director, or such number as the Members may determine.

## 57.    Board to Continue in the Event of Vacancy

The Board may act notwithstanding any vacancy in its number but, if and so long as its number is reduced below the number fixed by these Bye-laws as the quorum necessary for the transaction of business at meetings of the Board, the continuing Directors or Director may act for the purpose of (i) summoning a general meeting; or (ii) preserving the assets of the Company.

## 58.    Chairman to Preside

Unless otherwise agreed by a majority of the Directors attending, the Chairman, if there be one, and if not, the President, if there be one, shall act as chairman at all meetings of the Board at which such person is present. In their absence a chairman shall be appointed or elected by the Directors present at the meeting.

## 59.    Written Resolutions

A resolution signed by all the Directors, which may be in counterparts, shall be as valid as if it had been passed at a meeting of the Board duly called and constituted, such resolution to be effective on the date on which the last Director signs the resolution. For the purposes of this Bye-law only, "the Directors" shall not include an Alternate Director.

## 60.    Validity of Prior Acts of the Board

No regulation or alteration to these Bye-laws made by the Company in general meeting shall invalidate any prior act of the Board which would have been valid if that regulation or alteration had not been made.

## ACCOUNTS

61. **Books of Account**

   61.1   The Board shall cause to be kept proper records of account with respect to all transactions of the Company and in particular with respect to:

   (a)   all amounts of money received and expended by the Company and the matters in respect of which the receipt and expenditure relates;

   (b)   all sales and purchases of goods by the Company; and

   (c)   all assets and liabilities of the Company.

   61.2   Such records of account shall be kept at the Registered Office, or subject to the Companies Act, at such other place as the Board thinks fit and shall be available for inspection by the Directors during normal business hours.

62. **Financial Year End**

   The financial year end of the Company may be determined by resolution of the Board and failing such resolution shall be 31st December in each year.

## AUDITS

63. **Annual Audit**

   Subject to any rights to waive the laying of accounts or the appointment of an Auditor pursuant to the Companies Act, the accounts of the Company shall be audited at least once in every year.

64. **Appointment of Auditor**

   64.1   Subject to the Companies Act and provided that the Members have not waived the requirement to hold an annual general meeting or appoint an Auditor, at the annual general meeting or at a subsequent special general meeting in each year, an independent representative of the Members shall be appointed by them as Auditor of the accounts of the Company.

   64.2   The Auditor may be a Member but no Director, Officer or employee of the Company shall, during his continuance in office, be eligible to act as an Auditor of the Company.

   64.3   The Auditor appointed by the Members shall continue to hold office until a successor is appointed by the Members or, if the Members fail to do so, until the Board appoints a successor.

65. **Remuneration of Auditor**

Save in the case of an Auditor appointed pursuant to Bye-law 70, the remuneration of the Auditor shall be fixed by the Company in a general meeting or in such manner as the Members may determine. In the case of an Auditor appointed pursuant to Bye-law 70, the remuneration of the Auditor shall be fixed by the Board.

66. **Duties of Auditor**

66.1   The financial statements provided for by these Bye-laws shall be audited by the Auditor in accordance with generally accepted auditing standards. The Auditor shall make a written report on such financial statements in accordance with generally accepted auditing standards.

66.2   The generally accepted auditing standards referred to in this Bye-law may be those of a country or jurisdiction other than Bermuda or such other generally accepted auditing standards as may be provided for in the Companies Act. If so, the financial statements and the report of the Auditor shall identify the generally accepted auditing standards used.

67. **Access to Records**

The Auditor shall at all reasonable times have access to all books kept by the Company and to all accounts and vouchers relating thereto, and the Auditor may call on the Directors or Officers of the Company for any information in their possession relating to the books or affairs of the Company.

68. **Financial Statements**

Subject to the waiver of the laying of accounts by the Members in accordance with the Companies Act, financial statements, as required by the Companies Act, shall be laid before the Members in an annual general meeting, or if the Members waive the requirement for an annual general meeting, financial statements, as required by the Companies Act, shall be made available to the Members in accordance with the Companies Act. A resolution in writing made in accordance with Bye-law 30 receiving, accepting, adopting, approving or otherwise acknowledging financial statements shall be deemed to be the laying of such statements before the Members in a general meeting.

69. **Distribution of Auditor's Report**

The report of the Auditor shall be submitted to the Members at a general meeting.

70. **Vacancy in the Office of Auditor**

The Board may fill any casual vacancy in the office of the Auditor.

**CORPORATE RECORDS**

71.   **Minutes**

The Board shall cause minutes to be duly entered in books provided for the purpose of:

(a)     all elections and appointments of Officers;

(b)     the names of the Directors present at each meeting of the Board and of any committee appointed by the Board; and

(c)      all resolutions and proceedings of general meetings of the Members, meetings of the Board, meetings of managers and meetings of committees appointed by the Board.

72.   **Place Where Corporate Records Kept**

Minutes prepared in accordance with the Companies Act and these Bye-laws shall be kept by the Secretary at the Registered Office.

73.   **Form and Use of Seal**

73.1   The Company may adopt a seal in such form as the Board may determine. The Board may adopt one or more duplicate seals for use in or outside Bermuda.

73.2   A seal may, but need not be affixed to any deed, instrument, share certificate or document, and if the seal is to be affixed to such deed, instrument, share certificate or document, it shall be attested by the signature of (i) any Director, or (ii) any Officer, or (iii) the Secretary, or (iv) any person authorised by the Board for that purpose.

73.3   A Resident Representative may, but need not, affix the seal of the Company to certify the authenticity of any copies of documents.

**CHANGES TO CONSTITUTION**

74.   **Alteration or amendment of Bye-laws**

No Bye-law may be rescinded, altered or amended and no new Bye-law may be made save in accordance with the Companies Act and until such amendment or alteration has been approved by a resolution of the Board and by a resolution of the Members.

75. **Alteration or amendment of Memorandum**

No alteration or amendment to the Memorandum may be made save in accordance with the Companies Act and until such alteration or amendment has been approved by a resolution of the Board and by a resolution of the Members.

76. **Discontinuance**

The Board may exercise all the powers of the Company to discontinue the Company to a jurisdiction outside Bermuda pursuant to the Companies Act.

## MISCELLANEOUS

77. **Registered Office**

The Registered Office shall be at such place in Bermuda as the Board shall from time to time determine.

78. **Amalgamation and Merger**

The Company may by resolution of the Members approve the amalgamation or merger of the Company with any other company wherever incorporated.

79. **Conversion**

The Company may by resolution of the Members approve a conversion of the Company into a partnership.

## VOLUNTARY WINDING-UP AND DISSOLUTION

80. **Winding-Up**

If the Company shall be wound up the liquidator may, with the sanction of a resolution of the Members, divide amongst the Members in specie or in kind the whole or any part of the assets of the Company (whether they shall consist of property of the same kind or not) and may, for such purpose, set such value as he deems fair upon any property to be divided as aforesaid and may determine how such division shall be carried out as between the Members or different classes of Members. The liquidator may, with the same sanction of a resolution of the Members, vest the whole or any part of such assets in the trustees upon such trusts for the benefit of the Members as the liquidator shall think fit, but so that no Member shall be compelled to accept any shares or other securities or assets whereon there is any liability.

**SCHEDULE "A"**

**FORM OF NOTICE OF FORFEITURE (BYE-LAW 6)**

Notice of Liability to Forfeiture for Non-Payment of Call
Markel CATCo Investment Management Ltd. (the "Company")

You have failed to pay the call of [amount of call] made on the [ ] day of [  ], 20[ ], in respect of the [number] share(s) [number in figures] standing in your name in the Register of Members of the Company, on the [ ] day of [ ], 20[ ], the day appointed for payment of such call. You are hereby notified that unless you pay such call together with interest on such call at the rate of [ ] per annum calculated from the said [ ] day of [ ], 20[ ] at the registered office of the Company the share(s) will be liable to be forfeited.

Dated this [       ] day of [            ], 20[    ]

_____
[Signature of Secretary]
By Order of Board

**SCHEDULE "B"**

**FORM OF TRANSFER (BYE-LAW 11)**

Transfer of a Share or Shares
Markel CATCo Investment Management Ltd. (the "Company")

FOR VALUE RECEIVED ..........................[amount], I/We, [name of transferor] hereby sell, assign and transfer unto [transferee] of [address], [number] of shares of the Company.

DATED this [ ] day of [ ], 20[ ]

Signed by:                                          In the presence of:


_____          _____

Transferor                                         Witness


_____          _____

Transferee                                         Witness

## SCHEDULE "C"

### FORM OF TRANSFER (BYE-LAW 12.2)

**Transfer by a Person Becoming Entitled on Death/Bankruptcy of a Member
Markel CATCo Investment Management Ltd. (the "Company")**

I/We, having become entitled in consequence of the [death/bankruptcy] of [name and address of deceased/bankrupt Member] to [number] share(s) standing in the Register of Members of the Company in the name of the said [name of deceased/bankrupt Member] instead of being registered myself/ourselves, elect to have [name of transferee] (the "Transferee") registered as a transferee of such share(s) and I/we do hereby accordingly transfer the said share(s) to the Transferee to hold the same unto the Transferee, his or her executors, administrators and assigns, subject to the conditions on which the same were held at the time of the execution hereof; and the Transferee does hereby agree to take the said share(s) subject to the same conditions.

DATED this [ ] day of [ ], 20[ ]

Signed by:                                          In the presence of:

_____          _____

Transferor                                         Witness


_____          _____

Transferee                                         Witness

418137

## SCHEDULE "D"

## FORM OF MEMBER PROXY (BYE-LAW 27.1)

**Proxy**
Markel CATCo Investment Management Ltd. (the "Company")

I/We, [insert names here], being a Member of the Company with [number] shares, HEREBY APPOINT [name] of [address] or failing him, [name] of [address] to be my/our proxy to vote for me/us at the meeting of the Members to be held on the [ ] day of [ ], 20[ ] and at any adjournment of such meeting. (Any restrictions on voting to be inserted here.)

Signed this [ ] day of [ ], [   ]

_____

Member(s)