## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ANTHONY BELISLE,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MARKEL CATCO INVESTMENT MANAGEMENT LTD AND MARKEL CORP.,<br><br>　　　　　　　Defendants. | CASE NO. 1:19-cv-00189 (LM) |

## PARTIES' JOINTLY FILED PROPOSED DISCOVERY PLAN
## FED. R. CIV. P. 26(f)

### I.　　DISCOVERY PLAN

**DATE/PLACE OF CONFERENCE**

Pursuant to Fed. R. Civ. P. 26(f), Counsel communicated regarding this Proposed Discovery Plan by emails and a telephone conference on May 8, 2019.

**COUNSEL PRESENT/REPRESENTING**

Counsel for Plaintiff:

Joan A. Lukey
Justin J. Wolosz
Choate Hall & Stewart LLP
Two International Place
Boston, MA 02110
(617) 248-5000

Counsel for Defendants:

Edward J. Sackman
Richard C. Gagliuso
Christina A. Ferrari
Bernstein Shur
Jefferson Mill Building

670 North Commercial Street
Suite 108
PO Box 1120
Manchester, New Hampshire 03105

James R. Carroll
Christopher A. Lisy
Skadden, Arps, Slate, Meagher & Flom LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800

David E. Schwartz
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036
(212) 735-3000

## II.     CASE SUMMARY

**PLAINTIFF'S THEORY OF LIABILITY**

This action arises from the improper and unlawful actions of Markel and its wholly owned subsidiary Markel CATCo, (collectively, "Defendants"), through which Defendants have refused to make vested incentive payments due to Mr. Belisle in the amount of $65,950,000, and tarnished his reputation to prevent him from competing with Defendants in the future. Among other things, Defendants (a) wrongfully terminated Mr. Belisle's employment based on a pretextual, purported violation of a non-existent company policy, (b) amended the same policy to include the purported violation after Mr. Belisle's incentive payments had vested in an apparent attempt to create a justification for the termination, (c) undertook these actions to the material detriment of the investors in the funds managed by Markel CATCo, (d) trumpeted (and have continued to broadcast) the pretextual reason for the termination publicly to divert attention from their misconduct and to damage Mr. Belisle's reputation, (e) implied publicly that the termination was related to a Government inquiry regarding loss reserves (when it was not), in an

attempt to further damage Mr. Belisle's reputation, and (f), in conducting all such activities, maliciously, intentionally, with reckless disregard for the truth, and/or negligently caused irreparable and foreseeable harm to Mr. Belisle and his good reputation.

The Complaint contains the following counts, each against both Defendants:

- Count I: Breach of Contract;
- Count II: Breach of the Implied Covenant of Good Faith and Fair Dealing;
- Count III: Unjust Enrichment;
- Count IV: Defamation;
- Count V: Invasion of Privacy; and,
- Count VI: Declaratory Judgment of Abandonment of Contractual Obligations/Prior Breach.

**DEFENDANTS' THEORY OF DEFENSE**

Defendants deny any liability to Belisle.  MCIM terminated the employment of Belisle, the former Chief Executive Officer of defendant MCIM, and determined that he was not "in good standing" as of December 31, 2018, when it discovered that he had maintained a romantic and/or sexual relationship with his direct subordinate at MCIM (Alissa Fredricks) for more than a year while both were working at MCIM.

During this period and on Belisle's recommendation, Fredricks was promoted to CEO, Bermuda, and was provided with significant enhancements to her compensation.  All the while, Belisle failed to disclose his romantic and/or sexual relationship with her.  MCIM learned of this relationship only in connection with collecting information to respond to several coordinated government inquiries into loss reserves at MCIM.  Indeed, Belisle even denied the romantic and/or sexual relationship and lied to Defendants when he was directly asked about it. Belisle acknowledged his lies only when he realized that, notwithstanding his deletion of text messages with Ms. Fredricks, there was documentary proof of his romantic and/or sexual relationship with

her.  Belisle's misconduct left MCIM no choice but to terminate his employment for "Cause" pursuant to his employment agreement.  Following the termination of his employment, Belisle has refused to return Defendants' property including, but not limited to, documents that contain Defendants' trade secrets, confidential and proprietary information, in further violation of his employment agreement.

As a result of Belisle's misconduct, Defendants have filed counterclaims for (i) breach of fiduciary duty, (ii) intentional misrepresentation, (iii) breach of contract, (iv) violation of the Defend Trade Secrets Act and (iv) violation of the New Hampshire Uniform Trade Secrets Act.

**DAMAGES**

Plaintiff:  Mr. Belisle respectfully demands that he be awarded contractual damages from Defendants in an amount of no less than $65,950,000, plus any and all additional consequential, tort, and/or enhanced compensatory damages as are appropriate and established at trial.  Mr. Belisle further demands pre-judgment, post-judgment, and statutory interest against Defendants, plus attorneys' fees and costs, and such other relief as justice requires.

Defendants:  Defendants respectfully demand (i) damages in the amount of losses sustained as a result of the wrongful and unlawful conduct of Belisle, in an amount to be determined at trial; (ii) exemplary damages, in an amount to be determined at trial; (iii) treble damages, in an amount to be determined at trial (iv) punitive damages due to Belisle's willful, wanton and malicious conduct, in an amount to be determined at trial, and (v) attorneys' fees, costs and other such relief as is appropriate.

**DEMAND**

Plaintiff issued a settlement demand to Defendants on May 14, 2019.

**OFFER**

Defendants responded to Plaintiff's demand on May 22, 2019.

**JURISDICTIONAL QUESTIONS**

None.

**QUESTIONS OF LAW**

The parties refer to the Complaint, Answer, and Affirmative Defenses for questions of law raised in the pleadings. The parties further reserve the right to brief and argue any issues of law that arise.

**A.     TYPE OF TRIAL**

Jury on all claims so triable.

### III.     SCHEDULE

**TRACK ASSIGNMENT**

Plaintiff: Standard – Within 12 months of pretrial conference.

Defendants: Standard – within 14 months of pretrial conference.

**TRIAL DATE**

Plaintiff: Twelve day trial beginning May 19, 2020.

Defendants: Defendants request five full trial days beginning on July 21, 2020, as the Court's schedule permits.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES**

If Defendants claim that unnamed parties are at fault on a state-law claim (*see DeBenedetto v. CLD Consulting Engineers, Inc.*, 153 N.H. 793 (2006)), Defendants shall disclose the identity of every such party and the basis of the allegation of fault no later than 30

days before the Joinder of Additional Parties deadline and 45 days before Plaintiff's Expert Disclosure deadline.

Plaintiff shall then have 30 days from the date of disclosure to amend the complaint.

**AMENDMENT OF PLEADINGS**

September 1, 2019, subject to the requirements of Fed. R. Civ. P. 15.

**JOINDER OF ADDITIONAL PARTIES**

September 1, 2019

**THIRD-PARTY ACTIONS**

September 1, 2019

**DATES OF DISCLOSURE OF MERITS EXPERTS AND MERITS EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS**

**Plaintiff's Position:**

Plaintiff shall submit any expert disclosures and written reports pursuant to Fed. R. Civ. P. 26(a)(2) no later than November 20, 2019.

Defendants shall submit any expert disclosures and written reports no later than December 20, 2019.

Plaintiff shall submit any rebuttal expert disclosures and written reports pursuant to Fed. R. Civ. P. 26(a)(2) no later than January 15, 2020.

Supplementations under Fed. R. Civ. P. 26(e) due by March 6, 2020.

**Defendants' Position:**

*Defendants submit that a six-week extension from the dates proposed by Plaintiff is appropriate to avoid certain now-known scheduling issues:*

Plaintiff shall submit any expert disclosures and written reports pursuant to Fed. R. Civ. P. 26(a)(2) no later than January 6, 2020.

Defendants shall submit any expert disclosures and written reports no later than February 7, 2020.

**Rebuttal:** Plaintiff shall submit any rebuttal expert disclosures and written reports pursuant to Fed. R. Civ. P. 26(a)(2) no later than February 28, 2020

Supplementations under Fed. R. Civ. P. 26(e) due by March 6, 2020.

**COMPLETION OF DISCOVERY**

**Plaintiff's Position:**  Fact discovery is to be completed no later than January 15, 2020.  All discovery is to be completed no later than February 1, 2020.

**Defendants' Position:**  Fact discovery is to be substantially complete by December 15, 2019.  All discovery is to be completed no later than March 13, 2020.

**MOTIONS FOR SUMMARY JUDGMENT**

**Plaintiff's Position:**  120 days prior to trial.

**Defendants' Position:**  120 days prior to trial.

**CHALLENGES TO EXPERT TESTIMONY**

**Plaintiff's Position:**  April 3, 2020

**Defendants' Position:** April 17, 2020.

## IV.   DISCOVERY

**DISCOVERY NEEDED**

The parties anticipate requiring fact discovery concerning issues of liability and damages relating to all claims or counterclaims that remain following motion practice.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1))**

Disclosures made pursuant to Fed. R. Civ. P. 26(a)(1) shall be exchanged by May 30, 2019.

**INTERROGATORIES**

The parties agree to a limit of 25 interrogatories per side (including all subparts), with responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSION**

The parties agree to a limit of 30 requests for admission per side, with responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS**

The parties agree to a limit of 10 depositions per side, not including experts. Each deposition limited to a maximum of seven (7) hours of testimony time unless extended by agreement of the parties.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f))**

The parties are negotiating a proposed Electronic Discovery Protocol, and will furnish a copy to the Court as soon as possible.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f))**

Inadvertent disclosure of information protected by the attorney-client, work-product, or other applicable privilege or protection shall not constitute a waiver of any claim of privilege, and failure to assert a privilege in this litigation as to one document or communication or any portion thereof shall not be deemed to constitute a waiver of any claim of privilege as to any other document or communication or other portion thereof, even involving the same subject matter. The parties will propose separately a procedure for handling such inadvertent disclosures in their stipulated protective order.

**V.     OTHER ITEMS**

**SETTLEMENT POSSIBILITY:**

*See* Demand and Offer (Section II), above.

**JOINT STATEMENT RE: MEDIATION:** December 15, 2019.

**TRIAL ESTIMATE**: Plaintiff estimates that trial will require approximately 12 days.

Defendants estimate that trial will require approximately 5 days.

**WITNESSES AND EXHIBITS:** Per court order.

**PRELIMINARY PRETRIAL CONFERENCE:**  The court has scheduled this conference for

May 30, 2019.

**OTHER MATTERS:** Not applicable at this time.


Dated:  May 22, 2019

*/s/ Joan A. Lukey*
Joan A. Lukey (N.H. Bar. ID #16246)
CHOATE HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
(617) 248-4949
joan.lukey@choate.com

Counsel for Plaintiff Anthony Belisle

Dated:  May 22, 2019

*/s/ Edward J. Sackman*
Edward J. Sackman (N.H. Bar ID #19586)
Richard C. Gagliuso (N.H. Bar ID #874)
Christina A. Ferrari (N.H. Bar ID #19836)
BERNSTEIN, SHUR, SAWYER
         & NELSON, P.A.
Jefferson Mill Building
670 North Commercial Street, Suite 108
Manchester, New Hampshire 03101
(603) 623-8700
nsackman@bernsteinshur.com
rgagliuso@bernsteinshur.com
cferrari@bernsteinshur.com

James R. Carroll (*pro hac vice* forthcoming)
Christopher A. Lisy (*pro hac vice* forthcoming)
SKADDEN, ARPS, SLATE,
       MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
christopher.lisy@skadden.com

David E. Schwartz (*pro hac vice* forthcoming)
SKADDEN, ARPS, SLATE
       MEAGER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

david.schwartz@skadden.com

Counsel for Defendants Markel CATCo
Investment Management Ltd and Markel Corp